**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

EDWARD BYERS,

Petitioner, : Case No. 1:26-cv-00126

- vs - District Judge Douglas R. Cole
Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
Belmont Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Edward Byers to obtain relief from his conviction for gross sexual imposition in the Hamilton County Court of Common Pleas and his consequent imprisonment in Respondent's custody (Petition, ECF No. 1). The case is before the Court for decision on the Petition, the State Court Record (ECF No. 7), Respondent's Return of Writ (ECF No. 8), and Petitioner's Traverse (ECF No. 12).

**Litigation History**

On March 3, 2023, the Hamilton County grand jury indicted Byers on one count of Gross Sexual Imposition in violation of Ohio Revised Code § 2907.05(A)(4)(Indictment, State Court Record, ECF No. 7, Ex. 1). Byers waived a jury, tried the case to the bench, was found guilty, and was sentenced to three years imprisonment (ECF No. 7, Ex. 9, 10).

The Ohio First District Court of Appeals allowed a delayed appeal which raised claims that the verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. Having appointed counsel, the First District overruled the assignments of error and affirmed. *State v. Byers*, Case No. C-240147 (Ohio App. 1st Dist. Aug. 8, 2025)(copy at State Court Record, ECF No. 7, Ex. 19). The Ohio Supreme Court declined jurisdiction over a subsequent appeal. *Id.* at Ex. 23.

Byers then filed his habeas corpus Petition in this Court, raising the following Grounds for Relief:

> **Ground One**: The conviction was based on insufficient evidence.
>
> **Supporting Facts**: The State failed to show sufficient evidence which equals a question of fact and law. Also, it requires proof while cause is shown by how the State actors lied about material facts. This decision was based on unreasonable determinations in Court. There was no purposeful intent which causes me and the State to disagree on what actually happened. The intent was a father figure taking care of a sick child, not advantage.
>
> **Ground Two**: The conviction was against the manifest weight of the evidence.
>
> **Supporting Facts**: A conviction contrary to the weight of evidence includes an evaluation of evidence presented at trial. Witness credibility is the focal point of the challenge. The allegations were made only after the victim realized she was getting punished for being kicked out of school. Prior, the relationship was great. The Detectives thought the claims were not true while never discovering any evidence. The trial was in light favorable to the prosecution while the decision was contrary to federal laws. This also shows substantial structural errors which no reasonable judge would have (by finding me guilty) violated my constitutional rights.

Petition, ECF No. 1, PageID 5-7.

# Analysis

## Ground One: Insufficient Evidence

In his First Ground for Relief, Petitioner claims his conviction is based on insufficient evidence. He presented this claim as an assignment of error on direct appeal and the First District decided it as follows:

> **{¶26}** Under R.C. 2907.05(A)(4), "[n]o person shall have sexual contact with another, not the spouse of the offender ... when ... [t]he other person ... is less than thirteen years of age." Sexual contact is "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
>
> **{¶27}** An act is done with purpose if it is the person's "specific· intention to cause a certain result." R.C. 2901.22(A). So, to demonstrate. sexual contact under R.C. 2907.01(B), evidence must prove that "the touching [was] intended to achieve sexual arousal or gratification." *State v. Dunlap,* 2011-Ohio-4111,¶ 25. Determining whether an erogenous zone was touched "for the purpose of sexual gratification or arousal is 'a question of fact to be inferred from the type, nature, ·and circumstances surrounding the contact.'" *State v. Hodgkin,* 2019-Ohio-1686, ¶ 10 (1st Dist.), ·quoting *State v. Mack,* 200_6-Ohio-6284, ¶ 9 (1st Dist.). Moreover, "'the act of touching may constitute strong evidence of intent.'" *Id.* at ,¶10, quoting *Mack* at ¶ 9. But "touching an erogenous zone[, by itself,] is insufficient to establish that the contact was for the purpose of sexual arousal or gratification." *State v. Alanani,* 2024-Ohio-5660, ¶ 17 (1st Dist.).
>
> *A. The victim's testimony was sufficient to convict Byers*
> **{¶28}** Byers's first assignment of error maintains that the evidence was insufficient to prove that he touched J.J. to achieve sexual gratification or arousal. He claims the evidence proves that he made contact with J.J. to give her medical care.
>
> **{¶29}** To determine whether sufficient evidence established Byers's purpose, we "must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact

> could have found that all the elements of the crimes had been proven beyond a reasonable doubt." *Hodgkin* at '¶ 3, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997).
>
> **{¶30}** Here, the type and nature of the contact described by J.J. create an inference that Byers rubbed' her breasts for the purpose of sexual arousal or' gratification. J.J. testified that she woke up in the middle of the night to Byers licking her toes. He then moved his hands under her shirt and touched her breasts.
>
> **{¶31}** Byers appears to suggest that there must be direct evidence of sexual arousal or gratification. But "'there is no requirement that there be direct testimony regarding sexual arousal or gratification."' *State v. Brown,* 2014-Ohio-4158, ¶ 19 (7th Dist.), quoting *In re D.S.,* 2005-Ohio-1803, ¶ 19. Indeed, a victim's "testimony, if believed, is sufficient evidence" to prove sexual contact. *State v. White,* 2017-Ohio-1488, 'II 46 (3d Dist.).
>
> **{¶32}** Byers relies on his testimony and statements to law enforcement as evidence that his actions did not reflect a purpose to achieve sexual arousal or gratification. He argues that he credibly established that he applied ointment to J.J.'s feet and then instructed her to apply ointment to her chest. In essence, he asks us to accept his testimony to hold that the State's evidence is insufficient to establish his purpose. But evaluating witness credibility "is not proper on review for evidentiary sufficiency." *State v. Yarbrough,* 2002-Ohio-2126, ¶ 79.
>
> **{'¶33}** In sum, we hold that, when viewing the evidence in a light most favorable to the State, a rational trier of fact could have found that Byers touched J .J .'s erogenous zone with purpose to achieve sexual arousal ~r gratification. We overrule Byers's first assignment of error.

*State v. Byers, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown* v. *Davenport*, 596 U. S. 118, 135 (2022); *Klein* v. *Martin*, 607 U. S. 213, 220–221 (2026)

(per curiam); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Petitioner's First Ground for Relief does present a federal constitutional claim, the same one he presented as his first assignment of error on direct appeal. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must

then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652

(6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012)(per curiam). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

The First District decided Petitioner's First Ground for Relief on the merits, applying in a reasonably objective manner, the standard adopted in Jackson. Therefore its decision is entitled to deference under 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner's First Ground for Relief should be dismissed with prejudice.

**Ground Two: Conviction Against the Manifest Weight of the Evidence**

In his Second Ground for Relief, Petitioner asserts his conviction is against the manifest weight of the evidence. The First District denied this claim on direct appeal. That decision is not

subject to review here because a conviction against the manifest weight of the evidence does not violate the United States Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "A petitioner must claim that his custody violates federal law, not state law, not some other source of law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) (citing *Wilson*. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 4, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #